**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In Re: | ) | |
|     Fred Ayres, III, | ) | Bankruptcy No. 20-20296-CMB |
| | ) | |
|     Debtor. | ) | Chapter 13 |
| _____ | ) | |
|     Fred Ayres, III, | ) | |
| | ) | Document No. |
| | ) | |
|     Movant, | ) | |
| | ) | Related to Document No. |
|     v. | ) | |
| | ) | |
|     U.S. Bank National Association, | ) | **Hearing Date and Time:** |
|     As indenture trustee, for holders, | ) | |
|     of the CIM Trust 2017-3, Mortgage, | ) | |
|     Backed Notes, Series 2017-3, | ) | |
|     County of Allegheny, Borough of, | ) | |
|     Bridgeville, Charties Valley School, | ) | |
|     Distict, and | ) | |
| | ) | |
|     Ronda J. Winnecour, Trustee | ) | |
| | ) | |
|     Respondents. | ) | |

**ORDER CONFIRMING CHAPTER 13 SALE OF**
**PROPERTY FREE AND DIVESTED OF LIENS**

      *AND NOW*, this _____ day of _____, 2021, on consideration of the *Debtor's Motion to Sell Real Estate Known as 342 Church Street Free and Clear of Third Party Interests, Liens, Claims, Charges and/or Encumbrances in Accordance With 11 U.S.C. § 363,* for a gross sales price of *$80,000,* after hearing held by ZOOM, this date, the Court finds:

      (1) That service of the *Notice of Hearing* and *Order* setting hearing on said *Motion* for private sale of real property free and divested of liens of the above-named Respondents, was effected on the following secured creditors whose liens are recited in said *Motion* for private sale, viz:

**DATE OF SERVICE**                **NAME OF LIENOR AND SECURITY**

 February 18, 2021_____          **U.S. Bank National Assoc., et al**
c/o Select Portfolio Servicing, Inc.
P.O. Box 65250
Salt Lake City, UT 84165-0250

 February 18, 2021_____          **Jeffrey R. Hunt, Esquire**
**Goehring, Rutter & Boehm**
**Attorney for County of Allegheny,**
**Borough of Bridgeville,**
**Chartiers Valley School District**
437 Grant Street, 14th Floor
Pittsburgh, PA 15219

 February 18, 2021_____          **Ronda J. Winnecour, Ch. 13 Trustee,**
Suite 3250, U.S. Steel
Building 600 Grant Street
Pittsburgh, PA 15219

      (2)    That sufficient general notice of said hearing and sale, together with the confirmation hearing thereon, was given to the creditors and parties in interest by the moving party as shown by the certificate of serviced duly filed and that the named parties were duly served with the Motion.

      (3)    That said sale hearing was duly advertised on the Court's website pursuant to *W.PA LBR 6004-1(c)(2) on* February 17 in the *Pittsburgh Legal Journal* on February 18, 2021 and in the *Pittsburgh Post Gazette* on February 18, 2021 as shown by the Proof of Publications duly filed.

      (4)    That at the sale hearing the highest/best offer received was that of the above Purchaser(s) and no objections to the sale were made which would result in cancellation of said sale.

      (5)    That the price of *$80,000.00* offered by *Bridge 2 Bridge Properties, LLC* was a full and fair price for the property in question.

      (6)    That the Purchaser(s) has acted in good faith with respect to the within sale in accordance with *In re Abbotts Dairies of Pennsylvania, Inc.*, 788 F2d. 143 (3d Cir. 1986).

    *NOW THEREFORE*, it is hereby **ORDERED, ADJUDGED AND DECREED** that the sale of the real property described as *342 Church Street, Bridgeville, PA 15017* is hereby **CONFIRMED** to *Bridge 2 Bridge Properties, LLC* for $*80,000.00*, free and divested

of the above recited liens and claims, and, that the Movant is authorized to make, execute and deliver to the Purchaser(s) above named the necessary deed and/or other documents required to transfer title to the property purchased upon compliance with the terms of sale;

It is **FURTHER ORDERED**, that the above recited liens and claims, be, and they hereby are, transferred to the proceeds of sale, if and to the extent they may be determined to be valid liens against the sold property, that the within decreed sale shall be free, clear and divested of said liens and claims;

It is **FURTHER ORDERED**, that the following expenses/costs shall immediately be paid at the time of closing. *Failure of the Closing Agent to timely make and forward the disbursements required by this Order will subject the closing agent to monetary sanctions*, including among other things, a fine or the imposition of damages, after notice and hearing, for failure to comply with the above terms of this Order. Except as to the distribution specifically authorized herein, all remaining funds shall be held by Counsel for Movant pending further Order of this Court after notice and hearing.

(1) Administrative Claim of Thompson Law Group, P.C. in the amount of $5,000.00 to be held in escrow pending fee application
(2) Advertising fees and expenses of Thompson Law Group, P.C.: in the amount of $97.50 to be held in escrow pending fee application;
(3) Payoff of First Mortgage to U.S. Bank National Association, et al: $52,035.52;
(4) Payoff of real estate tax lien to Borough of Bridgeville: $307.01;
(5) Payoff of real estate tax lien to Chartiers Valley School District: $3,887.35
(6) Payoff of real estate tax lien to County of Allegheny: $138.36
(7) Other: Any remaining funds are to be disbursed to the chapter 13 trustee for distribution in accordance with the chapter 13 plan.

It is **FURTHER ORDERED** that:

(1) ***Within seven (7) days of the date of this Order***, the Movant shall serve a copy of the within *Order* on each Respondent (i.e., each party against whom relief is sought) and its attorney of record, if any, upon any attorney or party who answered the motion or appeared at the hearing, the attorney for the debtor, the Closing Agent, the Purchaser, and the attorney for the Purchaser, if any, and file a Certificate of Service.

(2) ***Closing shall occur within thirty (30) days of this Order***.

(3) ***Within seven (7) days following closing,*** the Movant shall file a ***Report of Sale*** which shall include a copy of the HUD-1 or other Settlement Statement; and,

  (4)  This *Sale Confirmation Order* survives any dismissal or conversion of the within case.

                     _____
                     Carlota M. Böhm, Chief Judge
                     United States Bankruptcy Court